## No. 27855

**The People of the State of Colorado ex rel. Stuart A. VanMeveren, District Attorney, Eighth Judicial District of Colorado v. The District Court in and for the County of Larimer, State of Colorado, and the Honorable John A. Price, one of the judges thereof**

(575 P.2d 4)

Decided February 21, 1978.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Terence A. Gilmore, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas H. Moore, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney for the Eighth Judicial District filed a petition for a writ in the nature of prohibition and mandamus. We issued a rule to show cause and now discharge the rule in part and make the rule absolute in part.

Gary Robert Beyer was charged with second-degree burglary of a dwelling (class 3 felony), theft (class 2 misdemeanor), and possession of a weapon by a previous offender (class 5 felony). Beyer had a criminal

record which included more than two felony convictions.

Pursuant to a plea agreement, Beyer entered a plea of guilty to possession of a weapon by a previous offender and to two misdemeanor charges. As a condition to the dismissal of the remaining charges, the district attorney and Beyer, with the advice of counsel, entered into an agreement that a sentence of eighteen months to five years in the state penitentiary would be imposed by the court. The court approved the agreement, and Beyer was sentenced to serve eighteen months to five years in the state penitentiary. Thereafter, within 120 days, Beyer petitioned for a reduction of his sentence, pursuant to Crim. P. 35(a). After a full hearing, the court granted a reduction of sentence, based upon recommendations from the penal authorities and additional information which showed a change in circumstances, and sentenced Beyer to three years within the community corrections program in Fort Collins.

The district attorney asserts that the district court exceeded its jurisdiction in modifying the sentence. The issues before us are: (1) Is a person who has been convicted of two prior felonies eligible for sentencing under the community corrections project statute, section 27-27-101, *et seq.*, C.R.S. 1973 (1976 Supp.)? (2) Can the district attorney prevent the trial judge from modifying a sentence pursuant to Crim. P. 35(a) when the original sentence was imposed pursuant to a plea agreement? And, if not (3) can a district attorney cause the original charges to be reinstated and proceed to trial?

### I.

Section 16-11-201(2), C.R.S. 1973 provides:
"A person who has been twice convicted of a felony in this state or another state prior to the conviction on which his application is based shall not be eligible for probation."

We construed this statutory language in *Herrmann v. District Court*, 186 Colo. 350, 527 P.2d 1168 (1974). Nothing in that case, however, involved interpretation of the community corrections facilities and program statute. Sections 27-27-101 to 112, C.R.S. 1973 (1976 Supp.). Since the operation of section 16-11-201(2), C.R.S. 1973, is limited to the granting of probation, its provisions cannot be read to exclude persons convicted of two prior felonies from community correctional programs, since such programs are not purely probationary.

By enacting the community corrections statute, the General Assembly provided the sentencing judge with a broader range of alternatives and with a sentencing medium that is more severe than probation, but not as harsh as incarceration. The legislature thereby took full cognizance of

the ends advocated by sections 2.1(b) and 2.2 of the *American Bar Association Standards Relating to Sentencing Alternatives and Procedures.*[1]

The hybrid statutory sentence created by the legislature, however, is limited to those persons described as offenders in section 27-27-102(6), C.R.S. 1973.[2] The statute does not exclude persons who have been convicted of two prior felonies from community correctional programs. An expansive reading of the statutory language, as advocated by the petitioner, to exclude such persons would require us to engage in judicial legislation which would be in violation of our Constitution. *Colo. Const.*, Art. III. Whether persons who have been convicted of two prior felonies should be eligible to participate in community corrections programs is a matter properly within the legislative domain.

## II.

The district attorney's contention that a sentence imposed by reason of a plea agreement is set in concrete and cannot be changed is totally without merit. The case law authorities which permit a plea agreement to be enforced by a defendant may not be interpreted to foreclose the discretion of the trial judge or the obligations of the Executive or Legislative Branches of government to carry out a correction program. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Tourtellotte*, 88 Wash.2d 579, 564 P.2d 799 (1977); *see also Bordenkircher, Penitentiary Superintendent v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

Crim. P. 35(a) permits the sentencing judge to modify a sentence in accordance with the rule within 120 days. The trial judge in this case, looking to the rehabilitative needs of the defendant and the entire record, acted within his discretionary authority in modifying the sentence.

## III.

If a trial judge in the exercise of his discretion under Crim. P. 35(a) modifies or reduces a sentence imposed pursuant to a plea agreement, the district attorney must be permitted, in his discretion, to withdraw from the plea agreement, reinstate the charges which were dismissed, and proceed to trial as though no agreement had been made.

---

[1]"The sentencing court should be provided in all cases with a wide range of alternatives, with graduation of supervisory, supportive and custodial facilities at its disposal so as to permit a sentence appropriate for each individual case." Section 2.1(b).
"The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." Section 2.2.
[2]" (6) 'Offender' means any person accused of or convicted of a felony or a misdemeanor, excluding any person who has committed a crime of violence as defined in section 16-11-309(2), C.R.S. 1973, and also excluding any person who has committed a class 1 misdemeanor in which a deadly weapon is used. For the purposes of this article, the term 'accused' does not include those persons who are accused of crimes of violence as defined in section 16-11-309(2), C.R.S. 1973, nor those persons who are accused of a class 1 misdemeanor in which a deadly weapon is used. The term 'offender' does not include persons accused of or convicted of class 2, 3, or 4 misdemeanor traffic offenses, as specified in article 4 of title 42, C.R.S. 1973."

*Accord, People v. Sandoval*, 188 Colo. 431, 535 P.2d 1120 (1975); *People v. Murdock*, 187 Colo. 418, 532 P.2d 43 (1975); *People v. Mason*, 176 Colo. 544, 491 P.2d 1383 (1971). Such a conclusion affords the trial court the utmost discretion in the sentencing process and also recognizes that the prosecution in this case dismissed charges because of a plea bargain which was approved by the court. When the plea agreement, which was predicated upon the court imposing a sentence of eighteen months to five years, was modified by the court, the prosecution, in its discretion, could reinstate the charges and proceed as though no plea agreement had been made.

Accordingly, the rule is discharged in part and made absolute in part.