594 P.2d 601 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Tere Lee JOHNSON, Defendant-Appellant.
Nos. 77-767, 77-811, 77-812 and 78-1107.
Colorado Court of Appeals, Div. I.
April 19, 1979.
*602 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant-appellant.
VanCISE, Judge.
In 1976 defendant pled guilty to one class 4 felony count in each of the four cases consolidated for this appeal. He was sentenced to the Larimer County Community Correctional Facility, pursuant to § 17-27-101 et seq., C.R.S.1973 (1978 Repl. Vol. 8), for a period not to exceed five years subject to certain terms and conditions, including compliance with a "client performance contract" entered into by defendant and the correctional facility.
In 1977, because of defendant's admitted violations of the conditions of the contract and his consequent rejection by the correctional facility, the People filed a motion requesting revocation of the sentence to the correctional facility and a resentencing. This motion was granted. The court resentenced the defendant to the Colorado State Reformatory on one count for an indeterminate term not to exceed eight years, and on each of the other three counts for terms of not less than seven nor more than ten years, each to run consecutively.
In three of the cases defendant filed timely appeals of the sentence. In the fourth case, in July 1978, he filed a Crim.P. 35(b) motion to correct illegal sentence. The same issue is raised in all four appealswhether the resentences and the resultant increases in sentence terms were illegal. We hold that the transfer of place of confinement to the reformatory was valid, but the increased sentences must be vacated and the original sentence term reinstated.
Based on § 16-11-302, C.R.S. 1973, the People have confessed error as to the court's imposition of a seven year minimum on the sentences to the reformatory. Defendant also contends that any resentencing was improper.
The People contend that § 17-27-103(3), C.R.S.1973 (1978 Repl. Vol. 8), authorizes the resentencing of a defendant who, as here, was rejected by a community correctional facility after initial acceptance. In pertinent part, that statute provides:
"If an offender is rejected by the corrections board after initial acceptance, the offender shall remain in the custody of the correction board for a reasonable period of time pending receipt of appropriate orders from the judicial district or the department for the transfer of such offender."
We interpret the words "judicial district" in this context to mean the sentencing court. However, the statute does not authorize the court to make any order it deems appropriate. Rather, it grants the court authority to make "appropriate orders. . . for the transfer of such offender." Thus, under the circumstances here, ordering a transfer from the correctional facility to the reformatory was proper.
There is, however, nothing in the Community Correctional Facilities Act which authorizes the court to increase the length of the original sentence, and we will not *603 judicially legislate such language into the Act. See Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); Garcia v. United States, 492 F.2d 395 (10th Cir. 1974).
The People contend that a sentence to a community correctional facility "bears some striking resemblances to probation." They point to § 16-11-206(5), C.R.S.1973 (1978 Repl. Vol. 8), which authorizes the court, on revocation of probation, to impose any sentence which was available at the time the defendant was originally sentenced. See People v. Jenkins, Colo.App., 575 P.2d 13 (1977). However, the Community Correctional Facilities Act contains no language parallel to § 16-11-206(5). And, the Supreme Court has recognized that a sentence to a community correctional facility is not the same as a sentence to probation. People ex rel. VanMeveren v. District Court, Colo., 575 P.2d 4 (1978). Thus the People's reliance on the probation analogy is misplaced.
The 1977 resentences are vacated, the original sentence is reinstated, with transfer of place of incarceration from the correctional facility to the reformatory, and the cause is remanded for further proceedings consistent with this opinion.
COYTE and STERNBERG, JJ., concur.