The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Tracy RADAR, Defendant-Appellant.

No. 81CA0325.

Colorado Court of Appeals, Division 1.

April 29, 1982.

Rehearing Denied May 27, 1982.

Certiorari Denied Oct. 25, 1982.

**1086**

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

The trial court revoked the probation of defendant and sentenced him to a term of imprisonment. On appeal, defendant complains that, in doing so, the trial court failed to credit him with time spent at a community corrections halfway house under presentence confinement. We affirm.

In 1980, defendant entered a plea of guilty to a charge of second degree burglary, and the trial court sentenced him to five years probation. As a condition of proba-

tion, defendant was to enter a halfway house. Eventually, a motion to revoke probation was filed and defendant thereafter admitted the allegations therein.

The trial court accepted the defendant's admissions, ordered the probation revoked, and sentenced defendant to the custody of the Department of Corrections for a term of four years. One hundred and sixty-two days credit was granted for presentence confinement.

Defendant's sole contention is that the trial court erred by failing to credit his sentence following revocation of probation with an additional 90 days he had spent at a community corrections halfway house as a condition of probation pursuant to § 16–11–204(2)(c), C.R.S.1973 (1978 Repl. Vol. 8). We do not agree.

Section 16–11–306, C.R.S.1973 (1981 Cum. Supp.), states in pertinent part:

"A person who is *confined* prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such *confinement*. At the time of sentencing, the court shall make a finding of the amount of presentence *confinement* to which the offender is entitled ...." (emphasis supplied)

Under this section, the trial court is without discretion to grant or deny defendant credit against his sentence for presentence confinement. *People v. Dempsey,* Colo. App., 624 P.2d 374 (1981). Rather, the trial court is to make findings of fact only as to the number of days defendant spent in presentence confinement. *Dempsey, supra.* No credit, however, is to be given for probation. *See People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970).

In *People ex rel. VanMeveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978), our Supreme Court noted that community corrections programs provide the trial court "with a sentencing medium that is more severe than probation, but not as harsh as incarceration." Undoubtedly, a defendant's activities in a halfway house are more re-

stricted than when on probation. A half-way house resident, however, unlike one who is confined in prison, does have the freedom to leave and go to work and do other things in the community subject to the limitations imposed by the rules of the halfway house.

Where, as here, residency in a community corrections facility is imposed as a condition of probation, it does not involve confinement as contemplated by § 16–11–306, C.R. S.1973 (1981 Cum.Supp.). This view is given sanction by 3 *A.B.A., Standards for Criminal Justice,* Standard 18–2.3(f)(VI) (2d ed. 1980).

Finally, although *People v. Nix,* Colo. App., 610 P.2d 1088 (1980) uses language that might indicate that there should be credit given, the facts of that case are substantially different from those here. The defendant there was never granted probation and was improperly sentenced to a community corrections center, rather than a reformatory, and therefore, he was entitled to credit for the time served in the center.

The judgment is affirmed.

COYTE and SMITH, JJ., concur.