The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Marvin J. PATRICK, Defendant-Appellant.

No. 83CA0054.

Colorado Court of Appeals, Div. II.

Nov. 17, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied June 25, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Allen, Foreman & Mueller, Norman R. Mueller, Susan L. Foreman, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Marvin J. Patrick, pursuant to a plea bargain, pled guilty to menacing, a class 5 felony with a presumptive range punishment of one to two years plus one year of parole, and other more serious charges were dropped. In August 1982, he was sentenced to the Denver Community Corrections facility for a period of one year plus one year of parole, with no credit for pre-sentence confinement. After his initial acceptance by community corrections, he violated the terms and conditions of his commitment. Accordingly, he was resentenced in November 1982 to the Department of Corrections for a period of 18 months plus one year of parole, with credit for 139 days of pre-sentence confinement plus 26 days spent on his community corrections sentence.

Claiming this was an unlawful increase in the length of his original sentence, defendant appeals. We agree, vacate the November sentence, and remand for resentencing.

I.

 At the August sentencing hearing, defendant requested that he be sentenced to community corrections. The court expressed doubt that community corrections would accept him because he had used a knife in committing the crime for which he had been convicted. However, it gave him a choice of either one year in community corrections with no credit for pre-sentence confinement, or 18 months in the Department of Corrections with full credit. Defendant chose community corrections. The court then stated:

"All right. Sentence to community corrections for one year with zero days credit. If they reject him, he goes to the Department of Corrections for 18 months and gets 126 days plus whatever additional days are involved."

The People contend that, in view of the above wording, the sentence to community corrections was conditional on defendant's successful completion of the program and that, therefore, the 18 months was not an increase but was part of the original sentence. We do not agree.

The sentence to community corrections was only conditional on the facility's acceptance of him, not on his successful completion of the entire program. He was not rejected; he was accepted. His subsequent return to court for transfer was due to his later non-compliance with the program.

II.

Alternatively, the People argue that sentencing defendant to community corrections was illegal and therefore void because, under § 17–27–105(1)(a), C.R.S.1973 (1978 Repl.Vol. 8), only a nonviolent offender can be sentenced to a community correctional facility. Therefore, they contend, the November sentence was correction of an unlawful sentence, which can be done at any time. Crim.P. 35(a). We disagree.

Section 17–27–105(1)(a) limits community corrections sentencing to "nonviolent" misdemeanor or felony offenders. However, § 17–27–102(4), C.R.S.1973 (1978 Repl.Vol. 8) excludes from the definition of "offender" a person who has committed a "crime of violence" as defined in § 16–11–309(2), C.R.S.1973 (1978 Repl.Vol. 8). The general assembly in § 16–11–309(2) did not include felony menacing as being a "crime of vio-

lence." Therefore, defendant was a "nonviolent offender" for purposes of § 17–27–105(1)(a).

### III.

In *People v. Johnson,* 42 Colo.App. 350, 594 P.2d 601 (1979), on similar facts, this court held that a transfer from community corrections to the Department of Corrections was proper but that the court had no authority to increase the length of the original sentence. *Johnson* is dispositive here.

■ The court in its August 1982 sentencing was required to make a finding of the amount of pre-sentence confinement time, and had no authority to grant or deny credit therefor. *People v. Hardman,* 653 P.2d 763 (Colo.App.1982); *People v. Dempsey,* 624 P.2d 374 (Colo.App.1981); § 16–11–306, C.R.S.1973 (1982 Cum.Supp.). Also, defendant was eligible for and may have qualified for good time credit on the time spent in pre-sentence confinement and while in community corrections. *People v. Chavez,* 659 P.2d 1381 (Colo.1983); *see* § 17–22.5–101, C.R.S.1973 (1982 Cum. Supp.).

Accordingly, the November 1982 sentence is vacated and the cause is remanded for further proceedings. These include correction of the sentence, judgment, and mittimus to show reinstatement of the one year term plus one year of parole, computation of the proper amount of credit for pre-sentence confinement time, and the change in the place of commitment from community corrections to the Department of Corrections.

SMITH and KELLY, JJ., concur.