**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**John David BROWN, Defendant-Appellant.**

**No. 82CA1265.**

Colorado Court of Appeals, Div. II.

Nov. 23, 1984.

Rehearing Denied Dec. 20, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas R. Bergh, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

After pleading guilty to a vehicular homicide charge, the defendant, John David Brown, was denied probation and was sentenced to a term of three years at Empathy House, a community corrections facility. He was also ordered to participate in a monitored Antabuse program for so long as the probation department and Empathy House personnel deemed it appropriate. After being in the program for some 4 months, before any review or discharge, and without authorization, defendant left the facility. He was arrested and following a jury trial, was convicted of escape pursuant to § 18–8–208, C.R.S. (1984 Cum. Supp.). On his appeal of that conviction, we affirm.

The defendant contends that he was not in lawful custody at the time he left Empathy House because the court had unlawfully delegated its sentencing authority to the probation department and Empathy House, and he had satisfied Empathy House's standards for release. This contention is without merit.

■ Section 17–27–105(1), C.R.S. (1978 Repl. Vol. 8) authorizes a court to sentence an offender to a term to be served at a community correctional facility. While serving such a sentence, the offender is still in custody, *see People v. Lucero*, 654 P.2d 835 (Colo.1982), and is still subject to the authority of the court, *see* § 17–27–103(3) and § 17–27–104(3), C.R.S. (1978 Repl. Vol. 8). Under § 17–27–108, C.R.S. (1978 Repl. Vol. 8), an unauthorized absence from the assigned institution is deemed escape from custody and is punishable under § 18–8–208. An offender is not free of custody until he is discharged, which occurs only after completion of the full term. *People v. Lucero, supra.*

■ Here, in its sentence of defendant, the court delegated to the probation department and Empathy House supervisory functions, such as how long to require defendant to participate in the Antabuse program while at Empathy House, but it did not delegate any authority, either directly or by adoption of Empathy House's internal rules for review, relative to the length of defendant's sentence.

Also, at sentencing the court did state that "it's up to probation how long you're going to stay at Empathy House ...." However, we agree with the People that in the context of the other statements at the hearing and the written orders concerning the sentence, this statement was not a delegation of authority to the probation department. Rather, it was an advisement that, in supervising defendant, the probation department would report any violations of the terms and conditions of the placement, and, for those violations, the sentencing court could order defendant transferred to another facility. *See* § 17–27–103(3); *People v. Johnson*, 42 Colo.App. 350, 594 P.2d 601 (1979). We interpret the statement as being a warning to underscore the importance of compliance with the terms of placement, and not a delegation of authority.

■ In any event, even if there were an irregularity in the proceedings, defendant's only justifiable remedy was to seek judicial relief, not to escape. *People v. Rivera*, 37 Colo.App. 4, 542 P.2d 90 (1975).

■ We conclude that defendant was lawfully sentenced to Empathy House for a term of three years and that at no time was his term of commitment altered or discharged; therefore, he was properly subject to prosecution for escape after his unauthorized departure from Empathy House.

Judgment affirmed.

SMITH and KELLY, JJ., concur.