The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Marshall L. WASHINGTON, Defendant-Appellant.

No. 83CA1050.

Colorado Court of Appeals, Div. II.

Sept. 12, 1985.

Rehearing Denied Oct. 17, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Laurie D. West, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Marshall L. Washington, appeals from the order of the district court denying his Crim.P. 35(c) motion. We reverse.

On June 17, 1981, the defendant pleaded guilty to theft, a class three felony. He was ineligible for probation because of two prior felony convictions. At the time of sentencing, the defendant's attorney and the prosecutor recommended that defendant be sentenced to community corrections.

The court stated that it was unwilling to give defendant a direct sentence to community corrections; instead, it wanted defendant to "earn" such a sentence. Although acknowledging it did not have the authority to do so, the court first sentenced defendant to four years but stayed the imposition of the sentence for one year. During the one-year period, defendant was to attend a drug rehabilitation program at the state hospital. Following completion of the drug program, defendant was to reside in a community corrections facility for further evaluation. The court indicated that at the end of the one-year "stay" it would decide whether to sentence defendant to community corrections or to the Department of Corrections.

At the end of the one-year "stay," the court sentenced defendant to community corrections for four years to begin July 21, 1981. Defendant was first to attend another drug program before going back to community corrections. When defendant violated the regulations of the second drug program, his acceptance to community corrections was rejected, and he was transferred to the Department of Corrections to serve out his sentence. Defendant was given credit for presentence confinement and time served in the second drug program, but the court denied defendant credit for the time he spent in community corrections.

The defendant filed a motion pursuant to Crim.P. 35(c) asking the court to reconsider its refusal to credit him with the time served in community corrections. The court denied this motion.

■ A defendant is not entitled to presentence confinement credit pursuant to § 16–11–306, C.R.S. (1984 Cum.Supp.) for time served in a community corrections facility as a condition of probation if the defendant is later rejected by community corrections and his probation is revoked. *People v. Radar,* 652 P.2d 1085 (Colo.App. 1982).

■ When a defendant is rejected by community corrections after being initially accepted, and is then transferred to the Department of Corrections, the trial court may not increase the original sentence imposed. Section 17–27–103(3), C.R.S. (1984 Cum.Supp.); § 17–27–114(2), C.R.S. (1984 Cum.Supp.); *People v. Johnson,* 42 Colo. App. 350, 594 P.2d 601 (1979). For this reason, defendant is entitled to credit for time served in community corrections on *direct sentence* if he is later rejected. *See People v. Patrick,* 683 P.2d 801 (Colo.App. 1983); *People v. Nix,* 44 Colo.App. 195, 610 P.2d 1088 (1980). *People v. Radar, supra,* is a probation case; it is inapplicable in cases that involve credit for presentence confinement.

■ Upon conviction of a felony, a defendant may be granted probation, if eligible, or must be sentenced to a term of imprisonment. Section 16–11–101, C.R.S. (1978 Repl.Vol. 8). When appropriate under statutory guidelines, a sentencing court may order the term of imprisonment to be served in a community corrections facility.

Section 17–27–105, C.R.S. (1978 Repl.Vol. 8). If a defendant is ineligible for probation, the sentencing court may not grant a defendant probation under the guise of "staying" or suspending imposition of the sentence and then imposing probation-like conditions. *People v. District Court,* 673 P.2d 991 (Colo.1983).

■ Here, because the defendant was ineligible for probation, the court's "stay" of his original sentence was illegal. The court corrected this problem at the hearing following the one-year "stay" when the court directly sentenced defendant to community corrections beginning July 21, 1981. After defendant was rejected from community corrections, the court could not increase his sentence. Refusing to give defendant credit for time served in community corrections is tantamount to increasing his sentence and is prohibited by statute.

Accordingly, the order is reversed, and the cause is remanded to the district court with directions to amend the mittimus to reflect an additional 315 days credit for the time served in community corrections.

SMITH and VAN CISE, JJ., concur.