The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Harold Lee KASTNING, Defendant-Appellant.

No. 86CA0736.

Colorado Court of Appeals, Div. II.

April 9, 1987.

Rehearing Denied April 30, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John P. Van Ness, Aspen, for defendant-appellant.

BABCOCK, Judge.

Defendant, Harold Lee Kastning, appeals the trial court's order denying his motion for postconviction relief. We reverse.

Defendant was sentenced to three consecutive two-year terms for burglary, and to concurrent one-year and 90-day terms for theft. However, he was not taken directly to the Department of Corrections; instead, his sentence was "stayed" while he was sent to the Colorado State Hospital for treatment. After treatment, defendant was returned to the county jail.

The sentencing court then modified defendant's mittimus to "stay" his imprisonment, and defendant was instead assigned to a community corrections facility, where he spent 116 days in a residential program. Although defendant's sentence was then "stayed" for another 90 days so he could complete the nonresident phase of the program, he was arrested for drunken driving shortly thereafter and brought before the court, at which time the original six-year sentence was "reimposed." Defendant was given credit for his presentence confinement at the county jail, but not for the time served at either the state hospital or community corrections.

Defendant then filed this motion pursuant to Crim. P. 35(c), in which he unsuccessfully sought credit for his presentence confinement at the state hospital and community correction. In this appeal, defendant argues that the court erred in denying him credit for the 116 days served at community corrections. We agree.

In *People v. Washington*, 709 P.2d 100 (Colo.App.1985), we held, upon similar facts, that when a defendant is rejected by community corrections after being initially accepted, and is then transferred to the Department of Corrections, the trial court may not increase the original sentence imposed. Although a defendant is not entitled to presentence confinement credit for time served in community corrections as a condition of probation if he is later rejected by community corrections and his probation is revoked, *People v. Radar*, 652 P.2d 1085 (Colo.App.1982), a defendant not on probation is entitled to credit for time served in community corrections on direct sentence if he is later rejected. *People v. Washington, supra.*

The holding in *People v. Washington, supra*, is dispositive here. After defendant was rejected from community corrections, the court could not increase his sentence. Refusing to give defendant credit for the time served in community corrections is tantamount to increasing his sentence and is prohibited by §§ 17-27-103(3) and 17-27-114(2), C.R.S. (1986 Repl.Vol. 8A).

Accordingly, the order denying defendant's motion for postconviction relief is reversed, and the cause is remanded to the district court with directions to amend the mittimus to reflect an additional 116 days' credit for the time defendant served in community corrections.

SMITH and TURSI, JJ., concur.