The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Anthony G. MARTINEZ,
Defendant–Appellant.

No. 86CA1539.

Colorado Court of Appeals,
Div. II.

Nov. 12, 1987.

Rehearing Denied Dec. 24, 1987.

Certiorari Denied March 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Larry Pozner & Associates, P.C., Larry S. Pozner, Shelley Gilman, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Anthony G. Martinez, appeals from the denial of his motion to correct an illegal sentence. He complains that the "little" habitual criminal sentence imposed upon him is not sustainable because it is based upon two offenses committed more than ten years prior to his pleas of guilty to the substantive charge. We set aside the judgments of conviction and sentences imposed thereon.

Defendant was charged with aggravated robbery, violent crime, and five habitual criminal counts premised upon alleged prior felony convictions. Pursuant to a plea agreement, defendant agreed to enter pleas of guilty to the underlying charges of robbery and violent crime and to two of the habitual criminal counts. The two habitual counts to which defendant pled guilty, however, were premised upon felony convictions that occurred more than ten years prior to the robbery at issue.

The prosecution admitted to the trial court that a mistake was made by having defendant plead guilty to the wrong two habitual counts. See § 16–13–101(1), C.R. S. (1986 Repl.Vol. 8(A)). To correct the error, it argued that the court should vacate all of the guilty pleas and order reinstatement of all charges. Defendant, however, sought to be resentenced only on the robbery and violent crime charges. The trial court, noting that the three additional prior convictions were of sufficiently recent vintage to support the "little" habitual criminal charge and the resulting sentence, the trial court denied defendant's motion.

We conclude that, under the circumstances here, the proper remedy is the one sought by the prosecution.

We agree that since defendant received a substantial benefit from the plea agreement in this matter and thereby avoided the more serious conviction involving a life sentence under the "big" habitual criminal statute, resentencing pursuant to defendant's request would not be appropriate. *See People v. Bernard,* 656 P.2d 695 (Colo. 1983). The prosecution dismissed the three additional charges relative to prior felony convictions because of the plea bargain. Therefore, all charges should be reinstated and the matter should be remanded to proceed as though no plea agreement had been made. *See People v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978).

*People v. Vigil,* 39 Colo.App. 371, 570 P.2d 13 (1977) *rev'd,* 196 Colo. 522, 587 P.2d 1196, 1198 (1978) relied on by defendant, is distinguishable. There, the defendant had been convicted by a jury of the substantive charge and the plea involved only the terms of sentencing. Here, by the plea bargains, defendant avoided a trial, obtained the dismissal of certain charges, and assured himself that he could receive no more than a sentence under the "little" habitual criminal act. Defendant may not accept those benefits of the plea agreement but avoid the negative aspects thereof.

The judgments of conviction for all offenses and the sentences related thereto are set aside, and the cause is remanded with directions to reinstate all original charges and for further proceedings thereon.

ENOCH, C.J., and VAN CISE, J., concur.