The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Aurelio SAUCEDO,
Defendant–Appellant.

No. 88CA0409.

Colorado Court of Appeals,
Div. IV.

Jan. 25, 1990.

Rehearing Denied March 29, 1990.

Certiorari Denied Aug. 27, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Aurelio Saucedo, appeals the order denying his motion for modification of sentence under Crim.P. 35(c). Defendant asserts that the trial court erred in construing "incarceration" as including a direct sentence to community corrections and in therefore concluding that it was compelled to sentence defendant to a term in the aggravated range. We affirm.

Defendant pleaded guilty to two class 3 felony counts of distribution of a controlled substance. Because defendant was on probation for a prior felony when he committed the two offenses, the trial court imposed concurrent aggravated range sentences of 16 years under § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B), as then in effect, for the new offenses, and a concurrent eight year sentence for the prior felony.

Because of the length of the sentences, no community corrections facility would accept defendant, although he was otherwise a strong candidate for such placement. Defendant moved for modification of sentence, arguing that the trial court had authority to impose a presumptive range sentence to community corrections despite the mandatory aggravation provision of § 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8B).

■ Under § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B), if a defendant commits a felony while on probation for another felony, the trial court must impose an aggravated range sentence "if it sentences the defendant to incarceration." Defendant contends that a direct sentence to community corrections is not incarceration and that, consequently, the trial court could

have imposed a presumptive range community corrections sentence. We disagree.

A direct community corrections sentence is a hybrid penalty more severe than probation, but less harsh than incarceration in the custody of the Department of Corrections. *See Wilson v. People,* 747 P.2d 638 (Colo.1987); *People ex rel. Van Meveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978).

The community corrections statutes are ambiguous on whether a direct sentence to community corrections constitutes incarceration. And, whether the term "incarceration" in a particular statute includes a direct sentence to community corrections depends on the intent of the General Assembly. *See People v. Winters,* 765 P.2d 1010 (Colo.1988) (legislative intent underlying statute that required "incarceration" for distribution of more than 28 grams of cocaine was to preclude a sentence to community corrections and therefore required imprisonment at the state penitentiary).

Here, however, we conclude from the general statutory schemes governing sentences and community corrections that the term "incarceration" as used in § 18–1–105(9)(a) includes direct sentences to community corrections.

The community corrections statutes require that time served on direct sentence to community corrections is the equivalent of time served in custody of the Department of Corrections. A community corrections sentence is a term of imprisonment, but one served in a local facility rather than in a Department of Corrections facility. *See People v. Washington,* 709 P.2d 100 (Colo. App.1985).

■ A defendant sentenced directly to a community corrections facility may be resentenced to the Department of Corrections if initial acceptance in the facility is revoked. *See People v. Harrison,* 771 P.2d 23 (Colo.App.1989).

If a defendant is rejected after initial acceptance by a community corrections facility, then, under §§ 17–27–103(3) and 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A), the sentencing court is authorized to resentence the defendant and impose any sentence which might originally have been imposed "without increasing the length of the sentence." *See People v. Herrera,* 734 P.2d 136 (Colo.App.1986).

Moreover, upon resentencing to the Department of Corrections, a defendant must receive credit for time served on direct sentence to community corrections. *See People v. Kastning,* 738 P.2d 807 (Colo. App.1987); *People v. Washington, supra.*

We also note that a direct sentence to community corrections is like incarceration in custody of the Department of Corrections in that an unauthorized absence from a community corrections facility constitutes escape under § 18–8–208, C.R.S. (1986 Repl.Vol. 8B). *People v. Brown,* 695 P.2d 776 (Colo.App.1984).

Under defendant's construction of § 18–1–105(9)(a), that statute would not apply to a direct sentence to community corrections because time served in such a facility would not be considered incarceration. However, if, despite the presence of a mandatory aggravating factor, a defendant given a presumptive range sentence to community corrections were transferred to the Department of Corrections, then §§ 17–27–103(3) and 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A) would preclude a longer sentence. This would conflict with the requirement of § 18–1–105(9)(a) that an aggravated range sentence be imposed if the defendant is sentenced to incarceration.

If two statutes appear to conflict, the courts must, if possible, construe them in a manner that gives effect to both while resolving the inconsistency. *See People v. T.O.,* 696 P.2d 811 (Colo.1985). Here, there is no conflict if the mandatory aggravation provision of § 18–1–105(9)(a) is construed to apply to community corrections sentences. This construction is consistent with the legislative intent revealed by the statutory schemes governing sentences and community corrections.

■ We are not persuaded by defendant's argument that the rule of lenity requires us to adopt his construction of the statute. The rule of lenity applies only

when an ambiguity in statutory language is "unyielding," and should not be applied in disregard of the clear purpose of the statute. *See Schubert v. People*, 698 P.2d 788 (Colo.1985). Here, we have resolved the ambiguity and construed the statutory language in conformity with the overall statutory scheme. Thus, the rule of lenity is not pertinent here.

We conclude that the term "incarceration" in § 18–1–105(9)(a), C.R.S. (1986 Repl. Vol. 8B) includes a direct sentence to community corrections. Accordingly, an aggravated range sentence was required whether the trial court sentenced defendant to the Department of Corrections or to community corrections.

The order is affirmed.

CRISWELL and HUME, JJ., concur.