The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Karl BEECROFT, Defendant–Appellant.

No. 92CA0465.

Colorado Court of Appeals, Div. III.

April 8, 1993.

Rehearing Denied May 6, 1993.

Certiorari Granted Nov. 29, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Karl Beecroft, appeals the trial court's order denying his post-conviction motion for presentence confinement credit. We affirm.

On September 17, 1990, defendant pleaded guilty to theft from the elderly. On October 22, 1990, the trial court sentenced defendant to six years at the Department of Corrections. However, it then suspended that sentence upon the condition that the defendant complete a private drug treatment program known as "Cenikor."

The defendant violated the terms of his suspended sentence by failing to complete this program. On October 15, 1991, therefore, the previous suspension of sentence was revoked and the previously imposed six-year sentence to the Department of Corrections was reinstated.

In February 1992, defendant filed his post-conviction motion claiming entitlement to presentence confinement credit for the time spent in the Cenikor program. The trial court denied his motion.

The action of the trial court in initially imposing a sentence and then suspending it upon conditions was undertaken pursuant to Colo.Sess.Laws 1988, ch. 116, § 18-1-105(10) at 682. That statute provides that, if an accused is not eligible for probation, nevertheless:

> When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best.

The statute pursuant to which defendant claims credit on his sentence provides that:

> [a] person who is confined for an offense *prior to the imposition of sentence* for said offense is entitled to credit against the term of his sentence for the entire period of such confinement.

Section 16-11-306, C.R.S. (1992 Cum.Supp.) (emphasis supplied).

Here, the time that defendant spent in the Cenikor program did not precede the *"imposition"* of sentence; it followed such imposition. The People, however, have not challenged the applicability of this presentence confinement statute to defendant's circumstance, provided that his service in the Cenikor program constituted "confinement" within the meaning of this statute. Hence, we shall assume, without deciding, that the statute can be applied to an individual in defendant's status.

The question presented then is whether service in the Cenikor program constitutes "confinement" for purposes of § 16-11-306. We conclude that it does not.

Relying on *People v. Washington,* 709 P.2d 100 (Colo.App.1985) and *People v. Kastning,* 738 P.2d 807 (Colo.App.1987), defendant argues that the Cenikor program is similar to a community corrections program and, therefore, that he is entitled to credit against his sentence for the time

spent in this program. In contrast, the People, relying upon *Gehl v. People*, 161 Colo. 535, 423 P.2d 332 (1967), assert that defendant's suspended sentence is equivalent to probation and, therefore, that he is not entitled to credit. We agree with the People.

An offender serving a suspended sentence is not substantially different from an offender on probation. The statutory provisions for a suspended sentence and for probation are similar. Both sections provide that the sentencing court may grant the defendant probation or suspend a sentence "for such period and upon such terms and conditions as it may deem best." Section 18–1–105(10), C.R.S. (1992 Cum.Supp.). *See also* § 16–11–202, C.R.S. (1986 Repl. Vol. 8A). Although an offender on probation or under suspended sentence is subject to some restrictions, his condition is very different from one confined.

On the other hand, an offender sentenced to community corrections is confined in a very real sense. *See People v. Saucedo*, 796 P.2d 11 (Colo.App.1990); § 17–27–105(1)(a), C.R.S. (1986 Repl.Vol. 8A).

The record here contains no description of the Cenikor program. However, even if we were to assume that that program is similar to the community corrections program in that a participant is required to reside in a Cenikor facility, such residential program resulted from the suspension of the sentence, not from its execution, and defendant's status was similar to that of a probationer. Indeed, in the trial court, both the defendant himself, as well as counsel for the parties, referred to this status as "probation."

Further, while a person sentenced to a community corrections facility is intended to be confined in such a facility for punishment pursuant to a sentence, the purpose of participation in a Cenikor program is not punishment; the program is designed for treatment purposes.

For these reasons, we conclude that defendant's status was similar to that of a probationer, irrespective of the nature of the program in which he participated.

Hence, he is not entitled to any credit against his sentence for the time he spent in this status.

Order affirmed.

NEY and TAUBMAN, JJ., concur.