This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                  **No. 32,465**

**MIKKO T. SEKIYA,**

Defendant-Appellant.

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Mikko T. Sekiya
Carrizozo, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant-Appellant Mikko T. Sekiya (Defendant) seeks to appeal from the revocation of his probation. We issued a calendar notice on December 6, 2012, proposing to dismiss. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore dismiss.

**BACKGROUND**

As we previously observed at greater length in the notice of proposed summary disposition, a timely notice of appeal was not filed below. Defendant's admission to the allegations contained in the petition to revoke his probation is also significant, both insofar as it operates as a waiver of the right to appeal, and insofar as it eliminates any presumption of ineffective assistance that might otherwise apply in relation to the failure to timely file a notice of appeal. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (holding that ordinarily, a guilty or no contest plea waives a defendant's right to appeal on non-jurisdictional grounds); *State v. Leyba*, 2009-NMCA-030, ¶¶ 14, 17, 145 N.M. 712, 204 P.3d 37 (applying *Hodge* in relation to an admitted probation violation); *State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990) (declining to extend the *Duran* presumption of ineffectiveness of counsel to include appeals from pleas of guilty or no contest).

**DISCUSSION**

In his memorandum in opposition Defendant notes that he received an extension of time to file his docketing statement with this Court. [MIO 30] However, such an extension does not alter or diminish the necessity for compliance with the requirements associated with the filing of notice of appeal. Nor does it have any impact on Defendant's apparent waiver of the right to appeal.

In his memorandum in opposition, Defendant further asserts that he was not informed about the filing requirements or his entitlement to appeal. [MIO 1] However, this does not alter our assessment that the instant appeal is not properly before us. Relatedly, we note that Defendant has recently filed a "Motion for Post Conviction Relief," in which he suggests that he received ineffective assistance of counsel. However, as previously stated, the presumption of ineffective assistance does not apply with respect to the failure to file notice of appeal in this case. To the extent that Defendant may believe counsel was deficient in some other way, habeas proceedings would appear to supply the only appropriate avenue of redress. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus.").

**CONCLUSION**

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we conclude that this instant appeal is not properly before us. We therefore dismiss.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4