**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Joseph S. HERRERA, Defendant-Appellant.**

**No. 85CA1329.**

Colorado Court of Appeals, Div. I.

Sept. 18, 1986.

Rehearing Denied Oct. 30, 1986.

Certiorari Denied (People) March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Claire Levy, Deputy Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Joseph S. Herrera, pled guilty to attempted theft, and the trial court imposed a direct sentence to community corrections for one year to be followed by one year of "parole." He completed the community corrections program and thereafter was placed under the supervision of the probation department pursuant to the one year "parole" previously imposed. Four months later, the probation department filed a petition to revoke his parole based on defendant's arrest for violation of several municipal ordinances. The trial court sustained the petition to revoke and then resentenced defendant to the Department of Corrections for a term of one year plus one year of parole. Defendant appeals the new sentence. We set aside the new sentence and remand for resentencing.

■ Defendant contends that the trial court was without jurisdiction to sentence him to one year of parole following the one-year direct sentence to community corrections and, therefore, was without jurisdiction to sentence him to the Department of Corrections following service of his direct sentence to community corrections. We disagree.

Pursuant to § 17–27–105(5), C.R.S. (1985 Cum.Supp.):

> "A person sentenced directly to a residential community correctional facility shall, if the sentencing judge directs, be subject, after release from such facility, to up to one year of supervision under the direction of the district probation office of the sentencing court."

Although the trial court here used the word "parole" instead of supervision, this misuse of terms was a defect in form only and does not affect the substance of the sentence imposed. *People v. Hamling*, 634 P.2d 1025 (Colo.App.1981).

■ Further, § 17–27–114, C.R.S. (1985 Cum.Supp.) states:

"[If] any ... appropriate supervising authority has cause to believe that an offender ... has violated any rule or condition ... or any term of his postrelease supervision under section 17–27–105 ... the ... authority shall certify to the appropriate judicial ... authority the facts which are the basis for his belief....

If the sentencing court determines that the offender shall not remain in community corrections, the court is authorized to make appropriate orders for the transfer of such offender from the county jail to a correctional facility and to resentence such offender and impose any sentence which might originally have been imposed *without increasing the length of the original sentence.*" (emphasis supplied)

Though not specifically addressed by the defendant, we conclude that under the latter section of this statute, the trial court was without jurisdiction to reimpose a sentence upon defendant that extended beyond the length of the original sentence. *See* C.A.R. 1(d). The original sentence was a two-year sentence consisting of one year of commitment to community corrections and the second year in supervision.

Therefore, we hold the trial court did have jurisdiction to sentence defendant to the Department of Corrections. However, we set aside that part of the sentence which would increase the length of the original sentence and remand the cause to the trial court for resentencing not to exceed the unexpired portion of the original supervision period, less appropriate credits.

PIERCE and VAN CISE, JJ., concur.