The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dennis CARROLL, Defendant–Appellant.

No. 88CA0910.

Colorado Court of Appeals, Div. C.

June 15, 1989.

Rehearing Denied July 13, 1989.

Certiorari Denied Sept. 11, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, * Judge.

Defendant, Dennis Carroll, appeals from the sentence imposed by the trial court following his violation of conditions of a previous sentence. We affirm.

In 1986, defendant was charged with criminal mischief, theft, and second degree burglary. As a result of plea negotiations, he entered a guilty plea to the criminal mischief charge, and the remaining two charges were dismissed. He was then sentenced to a four-year term in a community corrections facility. Defendant served approximately ten months of his sentence, following which his motion for sentence reduction was granted. He was released from the residential facility and, pursuant to § 17–27–105(5), C.R.S. (1986 Repl.Vol. and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, art. VI, Sec. 5(3),

8A), was placed on post-release supervision for the duration of his sentence.

Six months later, defendant was found to have violated a condition of his post-release supervision and was brought before the trial court for resentencing. At this hearing defendant argued that, in the event his new sentence would be ordered served in the Department of Corrections, he was entitled to credit for the time previously served in the community corrections facility and the time while on supervised release. The trial court determined defendant was not entitled to presentence confinement credit for the supervised period following his release from the residential facility because this was not a period of time spent by defendant in confinement. Accordingly, the court imposed a new four-year sentence, reduced only by the time defendant actually served in the residential facility.

Defendant contends the trial court erred in failing to reduce his sentence by the number of days during which he was on post-release supervision. He maintains that § 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A) prohibits a court from resentencing an offender who has violated the conditions of his post-release supervision to a term in excess of the length of the offender's original sentence. Hence, defendant argues that by failing to award the credit requested and yet imposing a second sentence of the same length as the original sentence, the court's second sentence was illegal. We disagree.

Section 16–11–306, C.R.S. (1986 Repl.Vol. 8A) provides that an offender is entitled to credit for that period of time prior to sentencing during which he was confined. The General Assembly did not include any language in this statute which might suggest that a defendant is entitled to credit for those periods when he is supervised but otherwise not in confinement. Reading the statute, as we must, in order to give effect to the words and phrases according to their ordinary meaning, *People v. District Court,* 713 P.2d 918 (Colo.1986), we find it evident that the credit to which an offender

is entitled is limited to that period during which he is specifically in confinement.

We are not persuaded by defendant's argument that *People v. Herrera,* 734 P.2d 136 (Colo.App.1986) mandates a different result than that reached here and by the trial court. The facts here are distinguishable. Defendant's initial sentence to four years in a community corrections facility did not include the imposition of a mandatory post-release supervisory period. Hence, because the supervisory period subsequently ordered at the sentence reduction hearing was not part of defendant's original sentence, the court's refusal to credit this time against the second sentence did not result in a new sentence which exceeded the length of the first.

Sentence affirmed.

STERNBERG and RULAND, JJ., concur.