The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Robert Alexander WINTERS,
Defendant–Appellee.

No. 89CA0527.

Colorado Court of Appeals,
Div. IV.

Feb. 22, 1990.

Alexander M. Hunter, Dist. Atty., and Bryan Quirman, Deputy Dist. Atty., Boulder, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge REED.

In this appeal, the People challenge the sentence imposed by the trial court upon the defendant, Robert Alexander Winters. The sole issue raised is whether the defendant is entitled to receive credit for the period of time when he was under supervision in a non-residential community corrections program. We hold that defendant is not entitled to this credit and, therefore, vacate that portion of the sentence.

Defendant was convicted of the class three felony of possession or sale of 28 grams or more of cocaine as set out in § 18–18–105(3), C.R.S. (1986 Repl.Vol. 8B). By the express terms of this statute, persons convicted of this offense must be sentenced to incarceration, without suspension or probation, for at least the minimum term within the presumptive sentencing range. This version of the statute did not, however, define the place of incarceration. *Cf.* § 18–18–105(3), C.R.S. (1989 Cum.Supp.) (phrase "Department of Corrections" added). On August 15, 1986, the trial court imposed upon the defendant a direct sentence to a community corrections facility for a term of four years and for an additional year under post-release supervision.

However, upon appeal by the People, the supreme court, in *People v. Winters*, 765 P.2d 1010 (Colo.1988), vacated this sentence as being beyond the power of the sentencing court because of the designated place of confinement. It interpreted § 18–18–105(3), in its then form, as mandating a sentence to the Department of Corrections, rather than to Community Corrections, and it remanded the cause to the trial court for resentencing.

Upon that remand, the trial court sentenced defendant to the Department of Corrections for the same term, *i.e.*, four years. During the interim before the resentencing, however, defendant had been transferred by court order from the residential community corrections facility to a supervised, non-residential community corrections program.

Accordingly, as against the sentence imposed, the court granted defendant credit for all time served prior to the original sentence and for the time served by him while confined in the residential facility. Over the objection of the People, credit was also granted by the trial court for 741 days when defendant had been supervised in the non-residential program after his release from confinement.

The People contend that the trial court erred in granting to defendant credit for the period during which he was under supervision in the non-residential community corrections program. We agree.

Section 16–11–306, C.R.S. (1986 Repl.Vol. 8A) provides that:

> "A person who is *confined* for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such *confinement....*" (emphasis added)

In applying this statute, this court, in *People v. Carroll*, 779 P.2d 1375 (Colo.App. 1989), held that the credit to which the offender is entitled upon sentencing is limited to that period during which the offender is specifically in confinement and that it does not include that period during which the offender was supervised under a community corrections program but not otherwise confined. *See also People v. Kastning*, 738 P.2d 807 (Colo.App.1987) (credit upon resentencing to Department of Corrections calculated to be the time served in residential community corrections although the record disclosed additional non-residential supervision).

The rule set forth in *Carroll* is particularly applicable here where the statute under which the defendant was convicted has been interpreted to mandate incarceration in the Department of Corrections. Section 18–18–105(3); *People v. Winters, supra.* To grant defendant credit for a period in which he was not incarcerated or confined but merely supervised, as if on probation, would violate the express terms of §§ 16–11–306 and 18–18–105(3), and the rationale of *People v. Winters, supra*, which ordered resentencing in this case.

Further, we conclude that *People v. Herrera*, 734 P.2d 136 (Colo.App.1986) is inapplicable. In *Herrera*, post-release supervision was part of an original, valid sentence to community corrections which defendant had served when he was resentenced because of subsequent violations of the term of his supervision. Here, a sentence to community corrections was never part of a valid sentence.

Thus, we conclude that the defendant is entitled to credit for pre-sentence confinement, including that of residential community corrections. *See People v. Washington*, 709 P.2d 100 (Colo.App.1985). The trial court erred, however, in granting defendant credit for the period of time that he remained under supervision in the non-residential program. *People v. Carroll, supra.*

The portion of the sentence in which defendant was given credit for the time he was under supervision in the non-residential program is vacated, and the cause is remanded with instructions to enter a corrected sentence.

SMITH and NEY, JJ., concur.