**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Randolph HOECHER, Defendant–Appellant.**

**No. 89CA0203.**

Colorado Court of Appeals, Division V.

July 5, 1990.

Rehearing Denied Aug. 23, 1990.

Certiorari Granted Jan. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Randolph Warren Hoecher, pled guilty to first degree criminal trespass and was sentenced directly to community corrections for three years. Defendant spent time both on residential and non-residential status in the program, and ultimately was terminated from community corrections for rules violations. After hearing, the trial court granted the probation department's motion to transfer defendant to the Department of Corrections and reimposed the original three-year sentence with credit for time spent in community corrections on residential, but not for that spent on non-residential, status.

Defendant then filed this motion pursuant to Crim.P. 35(c) asking the court to correct an illegal sentence on the grounds that the trial court's failure to grant him credit for the time spent in non-residential status increased the length of his sentence in violation of §§ 17–27–103(3) and 17–27–114, C.R.S. (1986 Repl.Vol. 8A). The court denied the motion, and defendant appeals. We reverse.

 When a defendant is rejected by community corrections after being initially accepted, and is then transferred to the Department of Corrections, the trial court may not increase the original sentence imposed. Section 17–27–103(3) and § 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A); *People v. Washington*, 709 P.2d 100 (Colo. App.1985). Thus, a defendant not on probation is entitled to credit for time served in community corrections on direct sentence if he is later rejected. *People v. Kastning*, 738 P.2d 807 (Colo.App.1987).

Accordingly, although defendant may otherwise not be entitled to pre-sentence confinement credit for non-residential time pursuant to § 16–11–306, C.R.S. (1986 Repl.Vol. 8A), *see People v. Winters*, 789 P.2d 1120 (Colo.App.1990), the trial court's refusal to give defendant credit for the non-residential time served in community corrections is "tantamount to increasing his sentence." *People v. Kastning, supra.* Therefore, notwithstanding any limitations set forth in § 16–11–306, the trial court's denial of the requested credit is prohibited. *People v. Herrera*, 734 P.2d 136 (Colo.App. 1986); *cf. People v. Carroll*, 779 P.2d 1375 (Colo.App.1989) (because defendant's original sentence did not include imposition of a mandatory post-release supervisory period, court's refusal to credit time against reduced sentence later imposed did not result in a new sentence which exceeded the length of the original sentence.).

Therefore, the order denying defendant's motion for post-conviction relief is reversed, and the cause is remanded to the district court with directions to amend the mittimus to reflect an additional 100 days credit for the time defendant served on non-residential status in community corrections.

CRISWELL and DUBOFSKY, JJ., concur.