**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert C. MORTENSEN, Defendant–Appellant.**

**No. 92CA0633.**

Colorado Court of Appeals, Div. IV.

Feb. 11, 1993.

Rehearing Denied March 11, 1993.

Certiorari Denied July 26, 1993.

**46**

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Robert C. Mortensen, appeals from the trial court's order modifying his sentence by decreasing his presentence confinement credit by 270 days. We vacate the order and remand for resentencing.

In August 1987, defendant entered a guilty plea to two offenses and received a deferred judgment and sentence. In March 1989, the deferred judgment was revoked, and defendant was resentenced to four years in a community corrections facility.

After serving approximately fourteen months in the facility, he was transferred to a non-residential program. However, as a result of drug use and escape, defendant's sentence to community corrections was revoked in February 1991, and he was resentenced to four years incarceration.

At the 1991 resentencing hearing, the issue of the amount of presentence confinement credit to which the defendant was entitled was discussed in detail. According to records provided from the community corrections program, defendant had spent a total of 468 days under the supervision of the program. This included both his residential and non-residential time. Relying on *People v. Hoecher*, 804 P.2d 230 (Colo. App.1990), in which a division of this court concluded that a defendant is entitled to credit for both residential and non-residential time spent in a community corrections facility, the trial court gave defendant credit for 468 days.

However, noting that the People's petition for certiorari had been granted in the *Hoecher* case, the trial court stated that it did not believe that decision was correct, and did believe that it would be reversed. Accordingly, it made the following notation on the mittimus: "This court reserves jurisdiction to modify the number of presentence confinement days if supreme court reverses decision in *People v. Hoecher*." The court also instructed the prosecutor to watch for the supreme court's decision and to move for an amendment to the mittimus in the event the case was reversed.

The supreme court did reverse the decision of this court, *People v. Hoecher*, 822 P.2d 8 (Colo.1991), concluding that a defendant is not entitled to presentence confinement credit while on non-residential status. Accordingly, the prosecutor filed a motion to modify defendant's sentence, and the trial court issued an order reducing defendant's presentence confinement credit from 468 to 198 days.

Defendant contends that the court was without jurisdiction to enter an order modifying his initial sentence. We agree.

■ Defining crimes and prescribing punishments are legislative prerogatives. Hence, a sentence which is beyond the statutory authority of the court is illegal. A trial court cannot circumvent legislative directives by acting beyond the authority accorded by statute. *People v. District Court,* 673 P.2d 991 (Colo.1983).

■ There is no provision in the statute governing the imposition of sentence authorizing a trial court to modify a legally imposed sentence. *See People v. Patrick,* 38 Colo.App. 103, 555 P.2d 182 (1976). *Cf. People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969); Crim.P. 35(a) (a court may correct an *illegal* sentence at anytime). Nor are we aware of any statute or rule that allows a trial court explicitly to retain jurisdiction in a case in order to change a sentence should there be a change in existing law. To the contrary, a trial court loses jurisdiction upon imposition of a valid sentence except under circumstances specified in Crim.P. 35. *People v. Campbell,* 738 P.2d 1179 (Colo.1987).

Furthermore, § 16–11–306, C.R.S. (1986 Repl.Vol. 8A), which addresses presentence confinement credit, directs the trial court, "at the time of sentencing," to make a finding of the amount of credit to which an offender is entitled and to include this finding on the mittimus. The statute does not give the court jurisdiction to change the amount of credit at a later date.

■ Here, the court's initial sentence to incarceration was a legal sentence based on then existing case law. Hence, we conclude that the court was without jurisdiction to modify the amount of presentence confinement credit after the reversal of this court's decision in *People v. Hoecher, supra.* Because the trial court imposed its final sentence without the jurisdiction authorized by statute, such sentence was a nullity, *see People v. Dillon,* 655 P.2d 841 (Colo.1982), and must, therefore, be vacated.

The order is vacated, and the cause is remanded to the trial court with directions that the initial four-year sentence to incarceration awarding defendant 468 days of presentence confinement credit be reimposed.

METZGER and PLANK, JJ., concur.