The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James George **SHARP**, Jr., Defendant–Appellant.

No. 97CA0938.

Colorado Court of Appeals, Div. IV.

Nov. 27, 1998.

Rehearing Denied Dec. 31, 1998.

Certiorari Denied July 6, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE ROY

Defendant, James George Sharp, Jr., appeals the denial of his motion to vacate the trial court's order providing that the Adams County Probation Department (Probation Department) was authorized to supervise a one-year period of mandatory parole that was imposed upon him following his sentence to community corrections. We affirm.

Pursuant to a plea agreement, defendant pled guilty to attempted possession of a scheduled IV controlled substance and was sentenced to a two-year term to community corrections plus one year of mandatory parole.

Shortly before his discharge date, defendant filed a motion to vacate an order issued by community corrections instructing him to report to the Probation Department, which would supervise the one-year mandatory parole. Defendant argued that the Probation Department lacked statutory authority to supervise his parole.

Thereafter, pursuant to a petition filed by the Probation Department, which did not reference defendant's motion, the trial court entered an order authorizing the Probation Department to supervise defendant during the one-year period of parole. The court subsequently held a hearing on defendant's motion to vacate the order issued by community corrections and issued an order specifying that defendant had to complete the one-year period of mandatory parole under the supervision of the Probation Department.

On appeal, defendant contends that the trial court's order constitutes an illegal sentence because the Department of Corrections, through the division of adult services, is vested with the sole authority to supervise an inmate's parole. We disagree.

Prior to July 1993, the trial courts were accorded discretion to impose up to one year of post-release supervision, to be supervised by the county probation department, following a defendant's completion of a sentence to a residential community corrections facility. *See* Colo. Sess. Laws 1982, ch. 74, §17–27–105(5) at 311; *see also People v. Herrera,* 734 P.2d 136 (Colo.App.1986) (holding that under former §17–27–105(5), the district court possessed jurisdiction to impose a one-year period of post-release supervision following the discharge of a direct sentence to community corrections). However, §17–27–105(5) was repealed in 1993. *See* Colo. Sess. Laws 1993, ch. 187, §17–27–105 at 716–17. At that time, the General Assembly also amended §18–1–105, C.R.S.1998, to require a period of mandatory parole in addition to the term of

imprisonment imposed for any felony committed on or after July 1, 1993. *See* §18–1–105(1)(a)(V)(A), C.R.S.1998.

Section 17–27–105(1)(b), C.R.S.1998, in providing for a direct sentence to a community corrections program, provides that:

> [T]he sentencing court may impose a sentence to community corrections which includes terms, lengths, and conditions pursuant to section 18–1–105, C.R.S. . . .

In recognition of this statutory language, defendant does not argue that the trial court lacked authority to impose a sentence that included a period of mandatory parole. Rather, he challenges only the Probation Department's authority to supervise the mandatory parole.

■ In construing a statute, we should adopt an interpretation that gives consistent, harmonious, and sensible effect to all of the statute's provisions. *See Adams County School District No. 50 v. Dickey*, 791 P.2d 688 (Colo.1990). We must be mindful of the effects of a particular construction, *see People v. District Court*, 713 P.2d 918 (Colo. 1986), and interpretations that render statutory provisions superfluous should be avoided. *See Dawson v. Reider*, 872 P.2d 212 (Colo.1994).

We note that the General Assembly has enacted a comprehensive statutory scheme with regard to parole. *See* §17–2–100.2, et seq., C.R.S.1998. Pursuant to that statutory scheme, and in order "to promote the maximum efficiency, economy, and continuity of services," the Division of Adult Services was created within the Department of Corrections to "administer the adult parole program." *See* §§17–2–101 and 17–2–102(1), C.R.S.1998.

The General Assembly has also enacted comprehensive legislation with regard to community corrections. *See* §17–27–101, et seq., C.R.S.1998. Pursuant to §17–27–105(1)(f), C.R.S.1998, a county probation department "shall have jurisdiction over all offenders sentenced directly to a community corrections program." This section sets forth the various powers and duties of a county probation department and provides, as pertinent here, that the probation depart-

ment shall "carry out such other duties as the court directs."

■ The People argue pursuant to this latter language, a trial court may authorize a county probation department to supervise the mandatory period of parole to be served following a sentence to community corrections. We agree.

Initially, we note that the General Assembly has not directly addressed the issue presented here. As discussed previously, the division of adult services is the agency responsible for administering parole. *See* §§17–2–101 and 17–2–102(1); *see also* §17–27–105(3)(b), C.R.S.1998. Thus, it would appear that the division of adult services has exclusive jurisdiction to supervise any parole that is imposed as part of a sentence.

Conversely, §17–27–105 provides that the county probation department has jurisdiction over all offenders sentenced directly to a community corrections program. A logical extension of this jurisdiction would include supervision of an offender during the mandatory parole period. Such an approach would be consistent with the above-quoted language in §17–27–105(1)(f).

Accordingly, we conclude that the statutory language at issue may reasonably be construed as permitting the trial court to enter an order granting a probation department supervisory authority over the parole that is served following a direct sentence to community corrections. Such construction will promote continuity of services.

Therefore, the trial court did not err in authorizing the Probation Department to supervise the one-year mandatory parole that followed defendant's sentence to community corrections.

The order is affirmed.

NEY and KAPELKE, JJ., concur.